UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

OCT 0 4 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-649-GWU

BRENDA K. MOSES,                                              PLAINTIFF,

VS:                           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT,

## INTRODUCTION

Brenda Moses originally brought Moses v. Barnhart, London Civ. A. No. 03-312-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of May 12, 2004 (Tr. 203-212), it is again before the undersigned on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

1

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.  Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d

2

654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part <u>Garner</u> test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. <u>Farris v. Secretary of Health and Human Services</u>, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that she or he is unable to return to this work. <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.

3

<u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. <u>Damron v. Secretary</u>, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. <u>Wages v. Secretary of Health and Human Services</u>, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an

4

occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Moses, a 62 year-old former director of volunteer services and gift store manager, with a high school education, suffered from impairments related to osteoporosis, degenerative joint disease, restless leg syndrome, hypothyroidism, gastroesophageal reflux disease, irritable bowel syndrome, mild rotator cuff tendonopathy, and osteoarthritis of the knee. (Tr. 148, 150). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 152). Since the plaintiff's past relevant work as a director of volunteer services could still be performed, she could not be considered totally disabled. (Tr. 152).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the

5

plaintiff.

The ALJ relied heavily upon the information provided by Vocational Expert James Miller to support the administrative decision. The hypothetical question presented to Miller included an exertional limitation to light level work restricted from a full range by a need to avoid exposure to vibration. (Tr. 187). In response, the witness testified that the plaintiff's past work could still be performed. (Tr. 187). Therefore, assuming that the vocational factors considered by Miller fairly depicted Moses' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

This action was previously remanded by the undersigned because the ALJ erred in evaluating the medical evidence. Dr. Bobby Turner, a treating source, identified the existence of a number of serious physical restrictions. (Tr. 118-121). While the ALJ rejected Dr. Turner's opinion as binding, it was not contradicted in the record by that of another treating or examining source and neither of the medical reviewers had seen and commented upon it. (Tr. 208). Upon remand this problem has been cured.

Following the remand, Moses was examined by Dr. Mark Burns. (Tr. 339-344). Dr. Burns indicated that the plaintiff's physical examination and orthopedic examination had produced normal results. (Tr. 341). The doctor indicated that the claimant could perform the full range of medium level work on a Functional Capacities Form. (Tr. 343). The ALJ's findings were compatible with this opinion. The ALJ's findings were also consistent with the restrictions indicated by Dr. Calixto Hernandez, a non-examining medical reviewer. (Tr. 330-337). More severe physical restrictions were not imposed by such treating and examining sources as the staff at Lexington Clinic (Tr. 122-133), the staff at Baptist Regional Medical Center (Tr. 134-141), and Dr. David Muffley (Tr. 302-

6

305). These reports provide substantial evidence to support the administrative decision.

Moses argues that the ALJ erred in rejecting the restrictions indicated by Dr. Bobby Turner, a treating physician. Dr. Turner completed a Medical Assessment of Ability to do Work-Related Activities in July of 2001[1] and again in February of 2005.[2] (Tr. 118-121, 345-348). The ALJ rejected Dr. Turner's opinion because she did not believe it was well-supported by objective medical data. (Tr. 149). This action would appear appropriate. Physical examination results were noted to have not revealed neurological or musculoskeletal abnormalities while a CT Scan of the thoracic spine was normal. (Tr. 149). Dr. Burns' opinion now contradicts that of Dr. Turner and appears more consistent with the evidence of record. Therefore, the opinion of Dr. Turner was properly rejected upon remand.

Moses also asserts that the ALJ erred in rejecting the opinion of Dr. Parandhamulu Saranga that she was limited in her ability to reach overhead. (Tr. 309). However, Dr. Burns specifically indicated that the plaintiff could "continuously" reach overhead and, so, his opinion contradicts that of the

---

[1] The 2001 form referred to unspecified "clinical symptoms" to justify restrictions concerning exposure to environmental irritants, reaching and never being able to perform postural activities. (Tr. 118-120). Yet, the two progress notes written just before the form was completed appear to suggest only abnormal data regarding the right knee. (Tr. 127-128). A September, 2000 rheumatologist's report sent to Dr. Turner found the plaintiff to have no visible pain when seated, that she was able to come within two inches of touching her toes, and attributing most of her suffering to restless leg syndrome, which could improve with a good night's sleep. (Tr. 132-133). An orthopedic evaluation of the knee, communicated to Dr. Turner in June of 2001, was essentially normal. (Tr. 305).

[2] The 2005 form refers to "physical symptoms & exam." (Tr. 345-348). Yet no progress notes were submitted from Dr. Turner after February, 2003.

7

medical reviewer. (Tr. 343). As an examining source, the opinion of Dr. Burns would generally be entitled to greater weight than that of Dr. Saranga under the Administrative regulations. 20 C.F.R. Section 404.1527(d)(1). Therefore, the Court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _____ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8